116 Pinehurst Ave         T: (212) 706-1007
                                         Suite A44                 F: (914) 500-2315
                                         New York, NY 10033        lawdss.com

January 7, 2021

**Via ECF**
Hon. Madeline Cox Arleo
Hon. Michael A. Hammer
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re:   *Sharma v. Liu*
      Docket No.   2:20-cv-20268-MCA-MAH

Dear Judge Cox Arleo and Judge Hammer,

Our firm represents the Defendant in the above-referenced matter, Ms. Vivian Liu. I submit this letter to respectfully request a pre-motion conference regarding Ms. Liu's proposed motion to dismiss Plaintiff's Complaint pursuant to Federal Rules 12(b)(2) and 12(b)(6).

On June 13, 2019, Plaintiff sexually assaulted Ms. Liu in a hotel room in the Poconos, Pennsylvania; subsequently, on December 18, 2019, Plaintiff was found guilty of harassment after a summary trial. In order to tell her story and to warn others about Plaintiff's actions, Ms. Liu created a website and made several posts on Facebook and Twitter (Compl. ¶¶ 7-8). At all relevant times, Ms. Liu was a resident of New York (Compl. ¶ 2). Despite knowing that Ms. Liu had and has no connection to New Jersey, on October 27, 2020, Plaintiff filed a lawsuit for defamation and false light in the Superior Court of the State of New Jersey. That same day, *ex parte*, Plaintiff filled an order to show cause seeking to enjoin Ms. Liu from posting "defamatory and false statements regarding Plaintiff" online and prohibiting her statements "to remain on social media" sites. The court granted the interim relief, and the matter was removed to District Court prior to a resolution on the motion. Given Ms. Liu's lack of contact with New Jersey and that the statements are privileged and protected by absolute immunity, Ms. Liu now wishes to move this court to dismiss the Complaint in its entirety with prejudice and extinguish the prior restraint on free speech.

I.   The Court Lacks Personal Jurisdiction over Ms. Liu

Initially, the sexual assault occurred in Pennsylvania and Ms. Liu is a resident of the State of New York. Plaintiff does not contest the websites were published in New York and that Ms. Liu is a nondomiciliary of New Jersey. The Due Process Clause mandates that nonresident defendants have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*Marten v Godwin*, 499 F3d 290, 296 [3d Cir 2007]). Thus, the District Court may assert "personal jurisdiction over a nonresident only to the extent authorized by state law" (*Fatouros v Lambrakis*, 627 Fed Appx 84, 87 [3d Cir 2015]). New Jersey courts can exercise either general or specific personal jurisdiction



*Sharma v. Liu*
January 7, 2021
Page 2

---

over a nondomiciliary. Dealing specifically with internet cases, the Third Circuit has held "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read" (*Id*.).

Here, the Complaint alleges a website was created about a Plaintiff and the posts made by Ms. Liu on social media were explicitly directed to Con Edison, a publicly traded company headquartered in New York. The allegations are wholly insufficient to establish personal jurisdiction over Ms. Liu and the Complaint should be dismissed.

**II.   The Complaint Fails to State a Cause of Action Because the Statements are Privileged.**

Even if this court exercises jurisdiction over Ms. Liu, the Complaint should be dismissed because the statements are true and fall under the common-interest privilege.

It is fundamental that true statements are absolutely protected under the First Amendment. Therefore, a "truthful statement will not support a cause of action based on defamation, and the truth of the statement is an absolute defense to a claim of defamation (*G.D. v Kenny*, 411 NJ Super 176, 187, 984 A2d 921, 928 [NJ Super Ct App Div 2009], affd, 205 NJ 275, 15 A3d 300 [2011]). Ms. Liu statements are true. Plaintiff was found guilty of harassment based on Ms. Liu's allegations that he sexually assaulted her. While Plaintiff may not want his misdeeds to see the light of day, he is unable to maintain a defamation action to silence his victim where the allegations are true.

New Jersey defines the common interest privilege as a "communication 'made bona fide upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty (*Professional Recovery Services, Inc. v Gen. Elec. Capital Corp.*, 642 F Supp 2d 391, 400 [DNJ 2009]). Con Edison certainly had an interest in knowing that one of their employees was found guilty of harassing Ms. Liu and that he sexually assaulted her, making the statements protected.

Finally, the statements are also protected under the litigation privilege or "litigation immunity." "[C]ertain statements made in the course of judicial, administrative, or legislative proceedings are absolutely privileged because of 'the need for unfettered expression critical to advancing the underlying government interest at stake in those settings'" (*Zagami, LLC v Cottrell*, 403 NJ Super 98, 104, 957 A2d 691, 694 [NJ Super Ct App Div 2008]). Elaborating, the court in *Zagami* cited to *Fenning v. S.G. Holding Corp*, in which the need for protections in relation to statements made in relation to legal proceedings was emphasized and called "indespensible to the due administration of justice[:]"



*Sharma v. Liu*
January 7, 2021
Page 3

---

> [t]he doctrine that an absolute immunity exists in respect of statements, even those defamatory and malicious, made in the course of proceedings before a court of justice, and having some relation thereto, is a principle firmly established, and is responsive to the supervening public policy that persons in such circumstances be permitted to speak and write freely without the restraint of fear of an ensuing defamation action, this sense of freedom being indispensable to the due administration of justice (*Id.* citing *Fenning v. S.G. Holding Corp.,* 47 *N.J.Super.* 110, 117, 135 *A.*2d 346 (App.Div.1957)).

Notably, the protection has been held to apply to statements made both during and in connection with a legal proceeding.

For the reasons described above, the statements contained in the Complaint are protected by litigation privilege as well as the common-interest privilege.

### III.     The Preliminary Injunction Should be Denied

If the Complaint is not dismissed, Plaintiff's injunction should be denied because "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights" (*Nebraska Press Ass'n v Stuart*, 427 US 539, 559, 96 S Ct 2791, 2803, 49 L Ed 2d 683 [1976]).  In *Nebraska Press Ass'n,* the court denied the use of prior restraint in relation to the reporting of criminal proceedings, noting that "the barriers to prior restraint remain high and the presumption against it use continues intact."  Here, where a court has previously found Plaintiff guilty of harassment based on Ms. Liu's allegations against him and Ms. Liu is merely speaking out about those allegations and the court's findings, there is simply no basis for a court to impose upon a victim "one of the most extraordinary remedies known to our jurisprudence" (*Id.* at 562).

Respectfully submitted,

Daniel Szalkiewicz & Associates, P.C.
*/s/ Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.

Cc: All Counsel of Record (via ECF)