UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANKAJ SHARMA,<br><br>*Plaintiff,*<br><br>v.<br><br>VIVIAN LIU,<br><br>*Defendant.* | Civil Action No. 20-20268<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendant Vivian Liu's ("Defendant") Motion to Dismiss the Amended Complaint for lack of personal jurisdiction,[1] improper venue,[2] and failure to state a claim upon which relief can be granted,[3] ECF No. 8;

and it appearing that Plaintiff Pankaj Sharma ("Plaintiff") opposes the Motion, ECF No. 10;

and it appearing that this action arises from allegedly defamatory statements made by Defendant about Plaintiff, see generally Am. Compl., ECF No. 7;

---

[1] To survive a Rule 12(b)(2) motion to dismiss, Plaintiff bears the burden of proving that personal jurisdiction is proper. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998). "[I]n determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff." MaxLite, Inc. v. ATG Elecs., Inc., 193 F. Supp. 3d 371, 382 (D.N.J. 2016).

[2] Rule 12(b)(3) permits a court to dismiss a complaint for improper venue or, if "in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406. As the moving party, Defendant has the burden of demonstrating improper venue. Post Acute Med., LLC v. LeBlanc, 826 F. App'x 163, 165-66 (3d Cir. 2020) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982)).

[3] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

and it appearing that in late 2019, Defendant filed criminal charges against Plaintiff for "harassment" in Pennsylvania, arising from Plaintiff's alleged conduct during a weekend trip with Defendant in Pennsylvania, id. ¶ 22;

and it appearing that after a Magistrate trial in Pennsylvania state court, Plaintiff was found guilty of "summary harassment," a misdemeanor, id. ¶ 23;

and it appearing that Plaintiff appealed to the Pennsylvania Court of Common Pleas but ultimately agreed to a plea bargain, wherein he accepted admission into a three-month Accelerated Rehabilitative Disposition ("ARD") program in exchange for dismissal of all charges after the program's completion, id. ¶ 25;

and it appearing that Plaintiff completed the ARD, and his petition for expungement is pending, id. ¶ 27;

and it appearing that following Plaintiff's acceptance into the ARD program, Defendant allegedly posted defamatory statements on social media and on her website, located at www.pankaj-sharma.com (the "Website"), id. ¶¶ 30-31;

and it appearing that Defendant posted to the Twitter and Facebook pages of Con Edison, Plaintiff's employer, that Plaintiff was "found guilty of harassment" and that he "molested, harassed, and injured a woman who refused to have sex with him," id. ¶ 32;

and it appearing that on the Website, Defendant stated that Plaintiff "molested and intentionally injured a young woman after she refused to have sex with him," "continued to touch and molest her despite the victim telling him not to touch her," and "[i]n a fit of anger after the victim rejected his sexual and romantic advances, . . . intentionally injured the victim and caused long term nerve damage that the victim is still suffering from 16 months later," id. ¶ 33;

and it appearing that Defendant also noted that Plaintiff "is married with two children and lives in Edison, NJ," id.;

and it appearing that Plaintiff initiated this action on October 27, 2020 by filing a verified complaint in New Jersey Superior Court, ECF No. 1.1, at Ex. 1;

and it appearing that Defendant removed the action to this Court on December 23, 2020, invoking the Court's diversity jurisdiction, ECF No. 1;

and it appearing that Plaintiff filed the two-count Amended Complaint on February 11, 2021, asserting common law claims for (1) defamation and (2) false light, see ECF No. 7;

and it appearing that Defendant now moves to dismiss the Amended Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, ECF No. 8;

and it appearing that as Defendant resides in New York, Am. Compl. ¶ 2, and is not subject to this Court's general jurisdiction, see Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011), Plaintiff must show that specific personal jurisdiction exists;

and it appearing that specific jurisdiction exists where a cause of action arises out of or relates to the defendant's contacts with the forum, Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003);

and it appearing that where, as here, a plaintiff alleges that the defendant committed an intentional tort, the Court may exercise jurisdiction only if "the forum was the focal point of the harm suffered by the plaintiff" and "the tort was 'expressly aimed' at the forum," IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 261 (3d Cir. 1998);

and it appearing that in a defamation action, the "brunt of the harm" is suffered in the Plaintiff's home state, Remick v. Manfredy, 238 F.3d 248, 258-59 (3d Cir. 2001);

and it appearing that Plaintiff has adequately alleged that he suffered harm in New Jersey and that Defendant directed her conduct at New Jersey through assertions that (a) Defendant's statements were made with "the specific intent of harming [Plaintiff's] good name and reputation in both New Jersey and New York;" (b) Defendant "intended to direct her communications via interactive social media so that New Jersey residents and social media participants would view and respond to her posting;" and (c) Defendant's postings expressly noted that Plaintiff lived with his family in New Jersey, Am. Compl. ¶¶ 33, 37-38;

and it appearing that while Defendant also allegedly directed her conduct towards Plaintiff's employer in New York, the fact that Plaintiff did not direct her conduct <u>solely</u> at New Jersey does not defeat jurisdiction;

and it appearing that because New Jersey was a "focal point" of both the alleged tort and the alleged harm, the Court has personal jurisdiction over Plaintiff;

and it appearing that in general, venue is proper in this District where either (1) "all defendants are residents of [New Jersey];" or (2) "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey, 28 U.S.C. § 1391;

and it appearing that as Defendant resides in New York, the Court must look to the "nature of the dispute" to assess whether a "substantial part" of the underlying allegations occurred in New Jersey, <u>Bockman v. First Am. Mktg. Corp.</u>, 459 F. App'x 157, 161 (3d Cir. 2012);[4]

and it appearing that in a defamation action, venue is proper in the district to which a defendant allegedly directed defamatory statements and where a plaintiff suffered reputational

---

[4] The substantiality requirement "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." <u>Bockman</u>, 459 F. App'x at 161.

harm, see Emekekwue v. Agwuegbo, No. 12-1503, 2012 WL 5386279, at *7 (M.D. Pa. Nov. 1, 2012);

and it appearing that because Defendant directed her statements at least in part towards audiences in New Jersey, the substantiality requirement is satisfied;

and it appearing that the fact that Defendant also directed statements towards New York does not defeat venue in New Jersey because "there can be more than one place in which a "substantial part" of the acts or omissions occurred," Ferratex, Inc. v. U.S. Sewer & Drain, Inc., 121 F. Supp. 3d 432, 438-39 (D.N.J. 2015);

and it appearing that venue is therefore proper in this District;

and it appearing that Defendant does not argue that the Complaint fails to plead the essential elements of Plaintiff's claims for defamation[5] or false light;[6]

and it appearing that Defendant instead raises several affirmative defenses, contending that Plaintiff's claims fail because (a) Defendant's statements are true; and (b) Defendant's statements were protected by the common interest, litigation, and fair report privileges;

and it appearing that truth is an absolute defense to a claim for defamation or false light, G.D. v Kenny, 411 N.J. Super. 176, 187, 195 (App. Div. 2009), aff'd, 205 N.J. 275 (2011);

and it appearing that Defendant argues that "truth" is established by the face of the Complaint because Plaintiff was, in fact, found guilty of harassment in Pennsylvania;

---

[5] The elements of a defamation claim are "(1) that defendant[] made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person . . . ; and (3) that defendant[] acted negligently or with actual malice." G.D. v. Kenny, 205 N.J. 275, 292-93 (2011).

[6] The elements of a false light claim are "(1) the false light in which the other was placed would be highly offensive to a reasonable person; and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 589 (2009).

5

and it appearing that Defendant's argument ignores the allegedly false statements that go beyond the mere fact of Plaintiff's conviction, including that Plaintiff "molested and intentionally injured a young woman after she refused to have sex with him," Am. Compl. ¶ 32;

and it appearing that as Plaintiff alleges that these allegations are false, id. ¶¶ 36-37, their truth or falsity cannot be established on a motion to dismiss;

and it appearing that New Jersey's qualified common interest privilege protects communications made in good faith "upon any subject-matter in which the party communicating has an interest . . . if made to a person having a corresponding interest," Pro. Recovery Servs., Inc. v. Gen. Elec. Cap. Corp., 642 F. Supp. 2d 391, 400 (D.N.J. 2009);

and it appearing that even where it otherwise applies, the common interest privilege does not shield a publisher who knows her statement is false or acts in reckless disregard of its truth or falsity, id. at 402;

and it appearing that assuming, arguendo, the common interest privilege may apply to Defendant's statements, Plaintiff has alleged that Defendant knew the statements she made were false, Am. Compl. ¶ 35;

and it appearing that the face of the Amended Complaint therefore does not support the common interest privilege;

and it appearing that the absolute litigation privilege shields certain statements made during a "judicial, administrative, or legislative proceeding," Zagami, LLC v. Cottrell, 403 N.J. Super. 98, 104 (App. Div. 2008);

and it appearing that though Defendant argues that her statements were made in connection with Plaintiff's "criminal trial," her statements over the internet were made independently of, and after, any "judicial proceeding," Am. Compl. ¶¶ 28-33;[7]

and it appearing that the litigation privilege is plainly inapplicable;

and it appearing that the fair report privilege protects statements made in a report of a "proceeding . . . that deals with a matter of public concern . . . if the report is accurate and complete or a fair abridgement of the occurrence reported," Sedore v. Recorder Pub. Co., 315 N.J. Super. 137, 151 (App. Div. 1998);

and it appearing that although a report need not be "exact in every immaterial detail," a report that misleads readers is not protected, id. at 157, 159;

and it appearing that as with Defendant's assertion of common interest, the Court need not determine whether the fair report privilege applies in the first instance because questions of fact persist as to whether Plaintiff's statements were an accurate and fair accounting of events;

**IT IS** on this 28th day of October, 2021;

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 8, is **DENIED**.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[7] Indeed, Plaintiff alleges that Defendant made her statements in response to Plaintiff's acceptance into the ARD program, which marked the conclusion of the relevant "proceedings." Am. Compl. ¶¶ 28-29.