IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PANKAJ SHARMA,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 20-20268 |
| | : | |
| | : | |
| **VIVIAN LIU** | : | **PROPOSED FINDINGS OF FACT** |
| | : | **AND CONCLUSIONS OF LAW** |
| | : | **IN SUPPORT OF MOTION TO SEAL** |
| *Defendant.* | : | |
| | : | *Electronically Filed* |

**THIS MATTER** having been brought before the Court on the Motion of Plaintiff Pankaj Sharma pursuant to Local Civil Rule 5.3(c), to permanently seal the docket comprised of the documents (collectively, "the Confidential Documents") attached to this Order as Exhibit 1; and the Court having considered the papers submitted in support of the within Motion; and the Court having found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing the documents set forth in Exhibit 1 as set forth below; and for the other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

**I.    The Nature of the Materials or Proceedings at Issue**

    **A.    Finds of Fact**

    1.    This is a private dispute between private parties.

    2.    In particular, the Confidential Information that Plaintiff seek to seal contains or refers to allegations contained within the pleadings that are personal in nature and include Plaintiff's social media information, employment and education history, personal

photographs, Plaintiff's home address and family details that would become easily searchable. Additionally, the pleadings included other court records that were ultimately expunged, but are still discoverable through a public search. The confidential information contains or refers to personal information of the Plaintiff and is of the type of information that is treated as confidential generally. (See Supporting Decls.).

      **B.**      **Conclusions of Law**

3.      In civil cases, there exists a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal a judicial record or a part thereof bears the burden of demonstrating that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.      This Honorable Court has the power to seal in circumstances where confidential information may be disclosed to the public. Under Fed. R. Civ. P. 26(c)(1)(D), upon motion "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

5.      Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp*., 949 F.2d 653, 662 (3d Cir. 1991)).

**II.**      **The Legitimate Private or Public Interest Which Warrants the Relief Sought**

      **A.**    **Finds of Fact**

6. This is a private dispute between private parties.

7. The Confidential Information that Plaintiff seek to seal contains or refers to allegations contained within the pleadings that are personal in nature and include Plaintiff's social media information, employment and education history, personal photographs, Plaintiff's home address and family details that would become easily searchable. Additionally, the pleadings included other court records that were ultimately expunged but are still discoverable through a public search. The confidential information contains or refers to personal information of the Plaintiff and is of the type of information that is treated as confidential generally. *Id*.

8. Plaintiff has a legitimate interest in ensuring that the highly sensitive nature of the allegation remain private as public accessibility to the private information contained in the pleadings and exhibits will likely cause a clearly defined and serious injury to him by harming his reputation in his professional, religious and personal communities. *Id.*

      **B.**    **Conclusions of Law**

9. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

**III.**    **The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted**

    **A. Findings of Fact**

10. In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the public disclosure of the Confidential Information poses a substantial risk of harm to the Plaintiff's legitimate privacy interests and reputation in his professional, religious and personal communities. *Id.*

11. Disclosure of sensitive personal information may allow for its improper use and place the subject at risk of irreparable professional and personal reputational harm. *Id*.

### IV. Why a Less Restrictive Alternative to the Relief Sought Is Not Available

#### A. Findings of Fact

12. Once confidential information is disclosed and becomes part of the public domain, it cannot later be undisclosed. Moreover, Plaintiff's request to seal the Confidential Information is narrowly tailored to the specific confidential information identified in the index attached as Exhibit 1 to the Fineman Decl.

13. The disclosure of the Confidential Information would pose a subject at risk of irreparable professional and personal reputational harm. Accordingly, the only way to protect this interest is to seal the Confidential Information as identified in Exhibit 1.

#### B. Conclusions of Law

14. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See *Securimetrics, Inc. v. Iridian Techs., Inc*., No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

15. The sealing of Confidential Documents is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig*., 312 F. Supp. 2d 653.

**THEREFORE**, for the above reasons, it is on this _____ day of _____, 2023,

**ORDERED** that the Motion to Seal, Pursuant to Local Civil Rule 5.3(c), to permanently seal the Confidential Documents set forth in Exhibit 1 is hereby GRANTED; and it is further

**ORDERED** that the Confidential Documents be permanently sealed and maintained under seal by the Court.

_____
HONORABLE MADELINE COX ARLEO, U.S.D.J

EXHIBIT 1

1) Notice of Removal (12/23/2020)

2) Letter (1/7/2021)

3) Motion to Dismiss/Lack of Jurisdiction (1/20/2021)

4) Amended Complaint (2/11/2021)

5) Motion to Dismiss/Lack of Prosecution (3/3/2021)

6) Memorandum in Opposition of Motion (3/24/2021)

7) Letter (3/31/2021)

8) Response in Support of Motion (4/7/2021)

9) Letter (10/19/21)

10) Motion for Order to Show Cause (10/25/2021)

11) Letter (10/28/2021)

12) Order on Motion to Dismiss/Lack of Jurisdiction (10/29/2021)

13) Motion for Extension of Time to File an Answer (11/9/2021)

14) Order (11/12/2021)

15) Answer to Amended Complaint (12/12/2021)

16) Motion for Order to Show Cause (2/24/2022)

17) Order (5/17/2022)

18) Declaration (5/17/2022)

19) Motion to Continue (7/18/2022)

20) Letter (8/25/2022)