<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PANKAJ SHARMA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>VIVIAN LIU,<br><br>　　　　　　　　Defendant. | Civil Action No. 20-20268-MCA-AME<br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW AND<br>ORDER ON MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of Plaintiff's unopposed motion for an order to seal almost half of the filings in this action [D.E. 48]; and the Court having reviewed the motion and finding oral argument unnecessary, *see* Fed. R. Civ. P. 78(b); and for good cause shown, the following shall constitute the Court's findings of fact, conclusions of law, and Order:

　　1.　　Defendant removed this defamation action to this Court in 2020. [D.E. 1].

　　2.　　On August 25, 2022, during the pendency of discovery, the parties notified the Court they had entered into a confidential settlement agreement to resolve all claims. [D.E. 43]. The action was dismissed with prejudice on September 7, 2022. [D.E. 47].

　　3.　　More than eight months after the dismissal of the action, on May 30, 2023, Plaintiff filed this motion to seal twenty documents that have already been filed on the public docket [*see* D.E. 1, 4, 6, 7, 8, 10, 11, 15, 17, 20, 23, 24, 28, 29, 31, 33, 34, 38, 39, 41, 43] (the "Subject Materials"), including the notice of removal, pleadings, various letters to the Court, motion papers, and court orders. [*See* D.E. 48]. None of these documents were ever filed under temporary seal, nor did any party move to permanently seal these documents during the pendency of the action.

4. Although there exists in civil cases a common law public right of access to judicial proceedings and records, that right is not absolute, and the presumption of public access is rebuttable. *See In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001).

5. In this District, the party seeking to seal part of the judicial record bears the burden of demonstrating that good cause exists to overcome the presumption in favor of public access. *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017). The moving party must make a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). General allegations of harm are insufficient; rather, the movant must give "specific examples or articulated reasoning" that harm will result. *In re Cendant Corp.*, 260 F.3d at 194.

6. "This [good cause] standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *City of Sterling Heights Gen. Emps. Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016). Local Civil Rule 5.3(c) requires, in relevant part, that the reviewing Court consider certain factors "as well as other findings required by law." L. Civ. R. 5.3(c)(6). The factors include: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

7. In short, Plaintiff argues (i) the facts underlying the action "are private in nature," including personal identifiable and medical information, (ii) "the public does not benefit from their public dissemination or observation," and (iii) he "will suffer serious injury to his reputation, career, and livelihood" if these documents remain unsealed. [D.E. 48-1 ¶ 5; *see also* D.E. 48-3].

8. The Court concludes Plaintiff has not met his burden of showing that good cause exists to overcome the presumption in favor of public access to the Subject Materials. Leaving aside the fact that the motion is premised on general, vague, and conclusory allegations of harm, Plaintiff cannot show that disclosure of the Subject Materials will result in a "clearly defined and serious injury to the party seeking closure." *Pansy*, 23 F.3d at 786; *see also Reich v. Fairleigh Dickinson Univ.*, Civ. No. 17-7608, 2022 WL 2384007, at *11 (D.N.J. July 1, 2022) (Allen, J.) ("[T]he potentially embarrassing nature of the Defamatory Statements does not alone rise to the level of a clearly defined injury, which warrants sealing."). The Subject Materials have been on the public docket for at least a year. Indeed, the notice of removal and the initial complaint have been publicly accessible since the commencement of this action in 2020. Significantly, none of the Subject Materials have ever been placed under seal, nor did Plaintiff request their sealing during the pendency of the action—let alone within the period required under the Local Rules.

9. Ultimately, "there is no legal basis to seal publicly available information." *Berrada v. Cohen*, Civ. No. 16-574, 2017 WL 11477122, at *1 (D.N.J. Mar. 6, 2017) (Wettre, J.); *cf. Constand v. Cosby*, 833 F.3d 405 (3d Cir. 2016) (mooting appeal of an order unsealing documents because "resealing the documents would not provide [the defendant] with any meaningful relief"); *see also G.B. v. Santa Lucia*, Civ. No. 15-3401, 2018 WL 6705684, at *2 (D.N.J. Dec. 19, 2018) (Wettre, J.) ("Defendant cannot establish a clearly defined and serious injury that would result if the documents were not sealed given that these documents are already publicly available.");

3

*Thomas Glob. Grp. L.L.C. v. Watkins*, No. 13-4864, 2016 WL 5719678, at *2 (D.N.J. Sept. 29, 2016) (Waldor, J.) (denying motion insofar as it sought "to seal items already placed in the public domain"); *Liro v. Inspira Med. Centers, Inc.*, Civ. No. 13-5591, 2016 WL 3951326, at *5 (D.N.J. July 21, 2016) (Kugler, J.) ("[T]o the extent that Plaintiff's medical information or personnel history was revealed in the Complaint, the information is already public, and sealing it here would do no good."); *Janssen Prod., L.P. v. Lupin Ltd.*, Civ. No. 10-05954, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (Walls, J.) ("[B]ecause the information has been made publicly available—and indeed remains publicly available—the Court does not 'have the power, even were [it] of the mind to use it, to make what has thus become public private again.'" (citation omitted)).

10. Notably, Plaintiff concedes that "[o]nce confidential information is disclosed and becomes part of the public domain, it cannot later be undisclosed." [D.E. 48-2 ¶ 12; *see also* D.E. 48-3 ¶ 11 (noting that "[p]ublicly accessible court record websites have auto-published the verified complaint in its entirety online")]. Accordingly, for the foregoing reasons and good cause shown,

**IT IS** on this 30th day of November, 2023,

**ORDERED** that Plaintiff's motion to seal [D.E. 48] is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion filed at D.E. 48.

                                              /s/ *André M. Espinosa*
                                             ANDRÉ M. ESPINOSA
                                             United States Magistrate Judge