IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PANKAJ SHARMA,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 20-20268 |
| | : | |
| | : | |
| **VIVIAN LIU** | : | **PROPOSED FINDINGS OF FACT** |
| | : | **AND CONCLUSIONS OF LAW** |
| | : | **IN SUPPORT OF PARTIAL** |
| | : | **MOTION TO SEAL** |
| *Defendant.* | : | |
| | : | *Electronically Filed* |

Pursuant to Local Civil Rule 5.3(c), Plaintiff Pankaj Sharma hereby submits these Proposed Finding of Facts and Conclusions of Law in support of his Partial Motion to Seal the docket comprised of the following documents (collectively, "the Confidential Documents"):

1) Notice of Removal (12/23/2020); Docket No. 1

2) Motion to Dismiss/Lack of Jurisdiction (1/20/2021); Docket No. 6

3) Amended Complaint (2/11/2021); Docket No. 7

4) Motion to Dismiss/Lack of Prosecution (3/3/2021); Docket No. 8

5) Memorandum in Opposition of Motion (3/24/2021); Docket No. 10

6) Response in Support of Motion (4/7/2021); Docket No. 15

7) Order on Motion to Dismiss/Lack of Jurisdiction (10/29/2021); Docket No. 24

Specifically, Plaintiff seeks to seal the Confidential Documents as identified in the Declaration of Samuel B. Fineman, Esq. in Support of the Partial Motion to Seal ("Fineman Decl., ¶3"), submitted herewith.

The information sought to be sealed in the Confidential Documents are collectively

referred to herein as the "Confidential Information." Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

(1) the nature of the materials or proceedings at issue;

(2) the legitimate private or public interest which warrants the relief sought;

(3) the clearly defined and serious injury that would result if the relief sought is not granted; and

(4) why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support sealing Plaintiff's Confidential Information.

## I. The Nature of the Materials or Proceedings at Issue

### A. Findings of Fact

1. This is a private dispute between private parties.

2. In particular, the Confidential Information that Plaintiff seeks to seal contains or refers to allegations contained within the pleadings that are confidential in nature include Plaintiff's Pennsylvania court-expunged records and medical details. It should be noted that N.J.S.A. 2C:52-30 criminalizes the knowing publication of expunged records. Additionally, the pleadings included Plaintiff's employment and education history, social media information, personal photographs, home address and family details that are easily discoverable through a public search. The confidential information contains or refers to personal information of the Plaintiff and is of the type of information that is typically treated as confidential. (See Supporting Declaration of Pankaj Sharma.)

      **B.**      **Conclusions of Law**

    3.    In civil cases, there exists a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal a judicial record or a part thereof bears the burden of demonstrating that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

    4.    This Honorable Court has the power to seal in circumstances where confidential information may be disclosed to the public. Under Fed. R. Civ. P. 26(c)(1)(D), upon motion "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, life threatening situation or undue burden or expense, including… forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

    5.    Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp*., 949 F.2d 653, 662 (3d Cir. 1991)).

**II.**    **The Legitimate Private or Public Interest Which Warrants the Relief Sought**

      **A.**      **Findings of Fact**

    6.    This is a private dispute between private parties.

    7.    The Confidential Information that Plaintiff seek to seal contains or refers to allegations contained within the pleadings that are confidential in nature include Plaintiff's

court-expunged records and medical details that are easily discoverable through a public search. Perpetual public disclosure of the information would disseminate highly confidential private information about the Plaintiff's and undermine Plaintiff's right and interests in keeping such information private.

8. Plaintiff has a legitimate interest in ensuring that the highly sensitive nature of the allegations remain private as perpetual public accessibility to the private information contained in the pleadings and exhibits will likely cause a clearly defined and serious injury to Plaintiff mentally, physically and professionally.

### B. Conclusions of Law

9. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

### III. The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted

### A. Findings of Fact

10. In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the perpetual public disclosure of the Confidential Information poses a substantial risk of harm to the Plaintiff's legitimate privacy interests and such publication would harm Plaintiff's trust and confidential relationships with his employers and medical providers. Moreover, Plaintiff is on medical treatment. Each day that this

confidential information remains available poses a threat to Plaintiff's physical well-being. Plaintiff can provide his medical record under seal should the Court require it for review.

        11.       Perpetual public disclosure of sensitive personal information may allow for its improper use and place the subject at risk of irreparable professional and personal harm.

### IV.    Why a Less Restrictive Alternative to the Relief Sought Is Not Available

#### A.    Findings of Fact

        12.       There is no less restrictive means for shielding this information. Moreover, Plaintiff's request to seal the Confidential Information is narrowly tailored to the specific confidential information identified. See Fineman Decl. ¶3.

        13.       Plaintiff first filed a Motion to Seal in the New Jersey Superior Court because that is where the case was originally filed. The case was removed to federal court by Defendant.

        14.       The New Jersey Superior Court had no objection to sealing the case and per the Superior Court's April 15, 2023 Order, "[t]he motion is denied for lack of jurisdiction because this matter has been removed to Federal court. If the Federal court orders that the file be sealed or that the complaint be redacted or deleted from the file, this Court will comply with the order."

        15.       The perpetual public disclosure of the Confidential Information poses a subject at high risk of irreparable professional and personal harm and such publication would harm Plaintiff's trust and confidential relationships with his employers and medical providers and jeopardize his professional career and ability to seek medical care without fear that the information he provides would become public. Accordingly, the only way to protect this interest is to seal the Confidential Information as identified herein. The sealing of confidential documents serves to safeguard Plaintiff's rights and legitimate interests in keeping such information private.

**B.     Conclusions of Law**

16.     Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). As stated *supra*, there is no other less restrictive means.

17.     The sealing of Confidential Documents is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653.

Dated: April 8, 2024                    Respectfully submitted,

s/ Samuel B. Fineman
Samuel B. Fineman, Esquire
NJ Bar ID: 005381999
Cohen Fineman, LLC
1999 Marlton Pike East, Suite 4
Cherry Hill, NJ 08003
(856) 304-0699
Attorney for Plaintiff