## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**PANKAJ SHARMA,**
:
:
*Plaintiff,*
:
:
v.
:
:
**VIVIAN LIU**
:
:
:
*Defendant.*
:
:

Civil Action No. 20-20268

**PROPOSED ORDER**
**IN SUPORT OF PARTIAL MOTION**
**TO SEAL**

*Electronically Filed*

 

**THIS MATTER** having been brought before the Court on the Motion of Plaintiff, Pankaj Sharma, pursuant to Local Civil Rule 5.3(c), to permanently seal the docket comprised of the documents (collectively, "the Confidential Documents"), identified *infra*; and the Court having considered the papers submitted in support of the within Motion; and the Court having found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing the documents set forth as Docket Record Nos. 1 (Notice of Removal), 6 (Motion to Dismiss), 7 (Amended Complaint), 8 (Motion to Dismiss), 10 (Memorandum in Opposition to Motion), 15 (Response in Support of Motion) and 24 (Order on Motion to Dismiss); and for the other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

### I.    The Nature of the Materials or Proceedings at Issue

#### A.    Findings of Fact

1.    This is a private dispute between private parties.

2.    In particular, the Confidential Information that Plaintiff seeks to seal

contains or refers to allegations contained within the pleadings that are confidential in nature include Plaintiff's Pennsylvania court-expunged records and medical details. It should be noted that N.J.S.A. 2C:52-30 criminalizes the knowing publication of expunged records. Additionally, the pleadings included Plaintiff's employment and education history, social media information, personal photographs, home address and family details that are easily discoverable through a public search. The confidential information contains or refers to personal information of the Plaintiff and is of the type of information that is typically treated as confidential. (See Supporting Declaration of Pankaj Sharma.)

### B.    Conclusions of Law

3.    In civil cases, there exists a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal a judicial record or a part thereof bears the burden of demonstrating that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.    This Honorable Court has the power to seal in circumstances where confidential information may be disclosed to the public. Under Fed. R. Civ. P. 26(c)(1)(D), upon motion "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, life threatening situation or undue burden or expense, including… forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

5.    Courts have recognized that the presumption of public access is not

absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)).

**II.     The Legitimate Private or Public Interest Which Warrants the Relief Sought**

    **A.     Findings of Fact**

6.      This is a private dispute between private parties.

7.      The Confidential Information that Plaintiff seek to seal contains or refers to allegations contained within the pleadings that are confidential in nature include Plaintiff's court-expunged records and medical details that are easily discoverable through a public search. Perpetual public disclosure of the information would disseminate highly confidential private information about the Plaintiff's and undermine Plaintiff's right and interests in keeping such information private.

8.      Plaintiff has a legitimate interest in ensuring that the highly sensitive nature of the allegations remain private as perpetual public accessibility to the private information contained in the pleadings and exhibits will likely cause a clearly defined and serious injury to Plaintiff mentally, physically and professionally.

    **B.     Conclusions of Law**

9.      Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns,*

*Inc.*, 435 U.S. 589, 598 (1978)).

### III.    The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted

#### A.  Findings of Fact

10.    In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the perpetual public disclosure of the Confidential Information poses a substantial risk of harm to the Plaintiff's legitimate privacy interests and such publication would harm Plaintiff's trust and confidential relationships with his employers and medical providers.  Moreover, Plaintiff is on medical treatment. Each day that this confidential information remains available poses a threat to Plaintiff's physical well-being. Plaintiff can provide his medical  record under seal should the Court require it for review.

11.    Perpetual public disclosure of sensitive personal information may allow for its improper use and place the subject at risk of irreparable professional and personal harm.

### IV.   Why a Less Restrictive Alternative to the Relief Sought Is Not Available

#### A.    Findings of Fact

12.    There is no less restrictive means for shielding this information. Moreover, Plaintiff's request to seal the Confidential Information is narrowly tailored to the specific confidential information identified. See Fineman Decl. ¶3.

13.    Plaintiff first filed a Motion to Seal in the New Jersey Superior Court because that is where the case was originally filed. The case was removed to federal court by Defendant.

14.    The New Jersey Superior Court had no objection to sealing the case and per the Superior Court's April 15, 2023 Order, "[t]he motion is denied for lack of jurisdiction because

this matter has been removed to Federal court. If the Federal court orders that the file be sealed or that the complaint be redacted or deleted from the file, this Court will comply with the order."

15. The perpetual public disclosure of the Confidential Information poses a subject at high risk of irreparable professional and personal harm and such publication would harm Plaintiff's trust and confidential relationships with his employers and medical providers and jeopardize his professional career and ability to seek medical care without fear that the information he provides would become public. Accordingly, the only way to protect this interest is to seal the Confidential Information as identified herein. The sealing of confidential documents serves to safeguard Plaintiff's rights and legitimate interests in keeping such information private.

### B.  Conclusions of Law

16. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See *Securimetrics, Inc. v. Iridian Techs., Inc*., No. 03-cv-04394, 2006 WL 827889, at \*2 (D.N.J. Mar. 30, 2006). As stated *supra*, there is no other less restrictive means.

17. The sealing of Confidential Documents is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig*., 312 F. Supp. 2d 653.

**THEREFORE**, for the above reasons, it is on this _____ day of _____, 2024,

**ORDERED** that Plaintiff's Partial Motion to Seal, Pursuant to Local Civil Rule 5.3(c), to permanently seal the Confidential Documents (known as Docket Record Nos. 1 (Notice of Removal), 6 (Motion to Dismiss), 7 (Amended Complaint), 8 (Motion to Dismiss), 10 (Memorandum in Opposition to Motion), 15 (Response in Support of Motion) and 24 (Order on Motion to Dismiss), is hereby **GRANTED**; and it is further **ORDERED** that the Confidential Documents be permanently sealed and maintained under seal by the Court.

_____
HONORABLE MADELINE COX ARLEO, U.S.D.J