NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANKAJ SHARMA,<br><br>                      Plaintiff,<br>    v.<br><br>VIVIAN LIU,<br><br>                      Defendant. | Civil Action No. 20-20268-MCA-AME<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's April 9, 2024 motion for an order sealing the documents entered on the Court's docket at D.E. 1, 6, 7, 8, 10, 15, and 24—all of which were filed on or before October 29, 2021 [D.E. 50]; and the Court construing the motion as an untimely request for reconsideration of this Court's November 30, 2023 Order [D.E. 49]; and the Court having considered the moving papers without oral argument, *see* Fed. R. Civ. P. 78; and for the following reasons, Plaintiff's motion for reconsideration is denied; and

**WHEREAS**, on or about October 27, 2020, Plaintiff filed this action in the Superior Court of New Jersey, County of Middlesex. [D.E. 1-1 at 2]. Together with the verified complaint, Plaintiff sought an order temporarily restraining Defendant from posting defamatory and false statements. [*Id.* at 27-33]. In support of the verified complaint and application for injunctive relief, Plaintiff attached copies of the alleged defamatory and false statements. [*Id.* at 9-25]. The verified complaint also sets forth, in detail, the alleged defamatory statements, which Plaintiff now seeks to have sealed. [*Id.* at 2-6]. However, none of these documents were filed under seal in the state court action, which commenced more than three years before Plaintiff's motion to seal in this matter. [*See* N.J. Sup. Ct. Dkt. No. MID-L-007458-20]; and

**WHEREAS**, on December 23, 2020, Defendant removed the action to this Court; and

**WHEREAS**, on August 25, 2022, during the pendency of discovery, the parties notified the Court they had entered into a confidential settlement agreement to resolve all claims. [D.E. 43]. The action was dismissed with prejudice on September 7, 2022 [D.E. 47]; and

**WHEREAS**, on March 22, 2023—almost two-and-a-half years after Plaintiff initiated this action, over two years after Defendant removed it to federal court, and six months after the action was dismissed following settlement—Plaintiff, *for the first time*, sought an order from the state court sealing the state court docket [*see id.*]; and

**WHEREAS**, on April 14, 2023, the state court denied Plaintiff's motion to seal the docket "for lack of jurisdiction" based on the removal effectuated by Defendant years earlier, and further stated that "[i]f the Federal court orders that the file be sealed or that the complaint be redacted or deleted from the file, this Court will comply with the order" [*id.*]; and

**WHEREAS**, on May 30, 2023, Plaintiff turned to this Court and filed a motion to seal twenty documents that were filed on the public docket [*see* D.E. 1, 4, 6, 7, 8, 10, 11, 15, 17, 20, 23, 24, 28, 29, 31, 33, 34, 38, 39, 41, 43] (the "Subject Materials"), including the notice of removal, pleadings, various letters to the Court, motion papers, and court orders. [*See* D.E. 48]. None of these documents were ever filed under temporary seal, nor did any party move to permanently seal these documents during the pendency of the action; and

**WHEREAS**, on November 30, 2023, the Court denied Plaintiff's May 30, 2023 motion to seal. [D.E. 49]. In that Order, the Court recognized that although there exists in civil cases a common law public right of access to judicial proceedings and records, that right is not absolute, and the presumption of public access is rebuttable. [*Id.* at 2 (citing *In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001)]. However, the Court also noted that the party seeking to seal part

of the judicial record bears the burden of demonstrating that good cause exists to overcome the presumption in favor of public access—*i.e.*, it must make a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" [*Id.* (citations omitted)]. After considering the relevant law, including this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal, and Plaintiff's arguments, the Court concluded that Plaintiff had failed to meet his burden of demonstrating good cause to overcome the presumption in favor of public access to the Subject Materials as follows:

> Leaving aside the fact that the motion is premised on general, vague, and conclusory allegations of harm, Plaintiff cannot show that disclosure of the Subject Materials will result in a "clearly defined and serious injury to the party seeking closure." *Pansy* [*v. Borough of Stroudsburg*], 23 F.3d [772,] 786 [(3d Cir. 1994)]; *see also Reich v. Fairleigh Dickinson Univ.*, Civ. No. 17-7608, 2022 WL 2384007, at *11 (D.N.J. July 1, 2022) (Allen, J.) ("[T]he potentially embarrassing nature of the Defamatory Statements does not alone rise to the level of a clearly defined injury, which warrants sealing."). The Subject Materials have been on the public docket for at least a year. Indeed, the notice of removal and the initial complaint have been publicly accessible since the commencement of this action in 2020. Significantly, none of the Subject Materials have ever been placed under seal, nor did Plaintiff request their sealing during the pendency of the action—let alone within the period required under the Local Rules.
>
> [] Ultimately, "there is no legal basis to seal publicly available information." *Berrada v. Cohen*, Civ. No. 16-574, 2017 WL 11477122, at *1 (D.N.J. Mar. 6, 2017) (Wettre, J.); *cf. Constand v. Cosby*, 833 F.3d 405 (3d Cir. 2016) (mooting appeal of an order unsealing documents because "resealing the documents would not provide [the defendant] with any meaningful relief"); *see also G.B. v. Santa Lucia*, Civ. No. 15-3401, 2018 WL 6705684, at *2 (D.N.J. Dec. 19, 2018) (Wettre, J.) ("Defendant cannot establish a clearly defined and serious injury that would result if the documents were not sealed given that these documents are already publicly available."); *Thomas Glob. Grp. L.L.C. v. Watkins*, No. 13-4864, 2016 WL 5719678, at *2 (D.N.J. Sept. 29, 2016) (Waldor, J.) (denying motion insofar as it sought "to seal items already placed in the public domain"); *Liro v. Inspira Med. Centers, Inc.*, Civ. No. 13-5591, 2016 WL 3951326, at *5 (D.N.J. July 21, 2016) (Kugler, J.) ("[T]o the extent that Plaintiff's medical information or personnel history was revealed in the Complaint, the information is already public, and sealing it here would do no good."); *Janssen Prod., L.P. v. Lupin Ltd.*, Civ. No. 10-05954, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (Walls, J.) ("[B]ecause the information has been made publicly available—and indeed remains publicly available—the Court does not 'have the power, even were [it] of

>> the mind to use it, to make what has thus become public private again.'" (citation omitted)).
>
> [] Notably, Plaintiff concedes that "[o]nce confidential information is disclosed and becomes part of the public domain, it cannot later be undisclosed." [D.E. 48-2 ¶ 12; *see also* D.E. 48-3 ¶ 11 (noting that "[p]ublicly accessible court record websites have auto-published the verified complaint in its entirety online")].

[*Id.* at 3-4]; and

**WHEREAS**, notwithstanding that ruling, and more than four months later, Plaintiff filed a second motion to seal some of the Subject Materials. [D.E. 50]. Curiously, the second motion totally ignores the Court's November 30, 2023 Order. [*See generally id.*]. At bottom, because Plaintiff seeks to obtain the same relief previously denied by this Court on November 30, 2023, the second motion to seal may only be appropriately construed as a motion for reconsideration; and

**WHEREAS**, as a threshold matter, Plaintiff's motion is untimely. Unless otherwise provided by statute or rule, Local Civil Rule 7.1(i) requires the moving party to serve and file the reconsideration motion "within 14 days after the entry of the order or judgment on the original motion by the Judge." Here, Plaintiff filed the subject motion on April 9, 2024, which is more than four months after Court entered the challenged Order on November 30, 2023;[1] and

**WHEREAS**, even if Plaintiff had timely filed the motion and the Court were to reach its merits, the Court would still conclude that reconsideration is not appropriate; and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly,'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)

---

[1] This Court may deny a motion for reconsideration for the sole reason that its filing was untimely. *Wiggins v. United Food & Com. Workers Union, Loc. #56*, No. 04-3797, 2005 WL 8175885, at *1 (D.N.J. Sept. 16, 2005). Although our Local Rules may generally be relaxed in the interest of justice, such relaxation is more common in matters involving pro se parties than where parties are represented by counsel, as in this action. *See Tukes v. Hayman*, No. 10-0098, 2011 WL 915382, at *6 (D.N.J. Mar. 9, 2011) (citing cases in which Courts have relaxed Local Civil Rule 56.1 for unrepresented litigants).

4

(citation omitted); *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994) (stating that the standard of review for reconsideration "is quite high"). To prevail on a motion for reconsideration, the moving party must identify dispositive factual matters or controlling decisions of law overlooked by the court in reaching its decision. *See* L. Civ. R. 7.1(i); and

      **WHEREAS**, specifically, the Third Circuit has held that a court may not grant a motion for reconsideration unless the moving party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). This heavy burden cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Nor does a party's mere disagreement with the court's ruling warrant reconsideration. *Boretsky v. New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011). A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); and

      **WHEREAS**, other than adding counsel's assertion "that the delay in filing this motion was not due to Plaintiff, but rather a medical issue that the undersigned was facing" [D.E. 50-1 ¶ 5], Plaintiff's second motion reiterates the facts that he previously presented to the Court—*i.e.*, the facts underlying the action "are private in nature," "the public does not benefit from their

public dissemination or observation," and he will suffer injury to his reputation, career, health, and livelihood if these documents remain unsealed [D.E. 50-1, 50-2];[2] and

**WHEREAS**, here, the Plaintiff's has failed to sharply set forth the ground upon which he seeks reconsideration. Nonetheless, the Court concludes there is no basis to grant reconsideration because Plaintiff has not met the applicable standard warranting reconsideration. Because Plaintiff does not identify any intervening change in controlling law or the availability of new evidence that was not available at the time of the November 30 Order, the Court presumes that Plaintiff believes the Court erred in its prior decision or there is a need to prevent manifest injustice; and

**WHEREAS**, to satisfy this ground, Plaintiff must show that the Court "overlooked a factual or legal issue that may alter the disposition of the matter." *Cottrell v. Good Wheels*, No. 08-1738, 2011 WL 3361522, at *2 (D.N.J. Aug. 3, 2011) (citations omitted), *aff'd*, 458 F. App'x 98 (3d Cir. 2012). Critically, in assessing whether reconsideration is warranted on this ground, the Court "may address only those matters" the parties presented, but that were not considered in the course of making the decision at issue. *Cottrell*, 2011 WL 3361522, at *2 (citations omitted); *see also Lampon-Paz v. Dep't of Justice*, No. 16-9071, 2017 WL 6403003, at *1 (D.N.J. Sep. 19, 2017) ("Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration.") (citations omitted); and

**WHEREAS** a motion for reconsideration must be based on more than a mere disagreement with the court's decision and do more than recapitulate the cases and arguments

---

[2] For the first time, Plaintiff claims that the delay in filing the motion "was due to the fact that [he] filed [a motion to seal] originally in the Superior Court and was waiting for that decision." [D.E. 50-2 ¶ 18]. First, this statement is not only inconsistent with his own counsel's statement that the delay was due to counsel's medical issue but is also notably absent from the first motion. [*Compare* D.E. 50-2, *with* D.E. 48, *and* D.E. 50-1]. Second, the state court's order does not address the fact that the Subject Materials were available on the docket—in state and federal court—for public viewing for over two years.

considered by the court before rendering its original decision. *Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2006 WL 8458226, at *1 (D.N.J. Jan. 26, 2006) (citations omitted). "It is [thus] improper … to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *Id.* (citations omitted); *Cottrell*, 2011 WL 3361522, at *2 ("[A] difference of opinion … should be dealt with through the normal appellate process.") (citations omitted); and

**WHEREAS** Plaintiff's reconsideration motion reiterates the arguments he raised previously in support of his initial motion. Therefore, he improperly asks the Court to "rethink what it has already thought through," and presents a mere disagreement that is insufficient to support reconsideration. *Tynes*, 2006 WL 8458226, at *1. As set forth above, the Court gave due consideration to the relevant factors in assessing an application to seal and concluded that sealing was not appropriate. In short, Plaintiff cannot show "the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677; and

**WHEREAS**, therefore, for the foregoing reasons and good cause shown,

**IT IS** on this 13th day of September 2024,

**ORDERED** that Plaintiff's April 9, 2024 motion for reconsideration of the Court's November 30, 2023 Order [D.E. 50] is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion filed at D.E. 50.

   /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge