IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PANKAJ SHARMA,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 20-20268 |
| | : | |
| | : | |
| **VIVIAN LIU.** | : | **PROPOSED FINDINGS OF FACT** |
| | : | **AND CONCLUSIONS OF LAW** |
| | : | **IN SUPPORT OF PARTIAL** |
| | : | **MOTION TO SEAL** |
| *Defendant.* | : | |
| | : | *Electronically Filed* |

Pursuant to Local Civil Rule 5.3(c), Plaintiff Pankaj Sharma hereby submits these Proposed Finding of Facts and Conclusions of Law in support of his Motion to Seal the instant docket.

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

(1) the nature of the materials or proceedings at issue;

(2) the legitimate private or public interest which warrants the relief sought;

(3) the clearly defined and serious injury that would result if the relief sought is not granted; and

(4) why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support sealing the record in this case.

**I.      The Nature of the Materials or Proceedings at Issue**

      **A.      Findings of Fact**

      1.      This is a private dispute between private parties.

      2.      In particular, the information that Plaintiff seeks to seal contains or refers to allegations contained within the pleadings that are confidential in nature and include Plaintiff's Pennsylvania court-expunged records and medical details. It should be noted that N.J.S.A. 2C:52-30 criminalizes the knowing publication of expunged records. This needs to be corrected as a clear error of law or fact or to prevent manifest injustice.  Additionally, the pleadings included Plaintiff's medical details, employment and education history, malicious allegations on social media, personal photographs, home address and family details that are easily discoverable through a public search. They pose a serious risk to Plaintiff'a life and the lives of his family members. See *Decl. of Pankaj Sharma*. Public disclosure of the confidential information would disseminate highly confidential expunged records, medical and personal information about Plaintiff, and, as such, undermine Plaintiff's rights and interests in keeping such information private. Further, such publication would harm Plaintiff's trust and relationships with his employer and family members and jeopardize his ability to seek employment without fear that the information he provides would become public. The confidential information contains or refers to personal information of the Plaintiff and is of the type of information that is typically treated as confidential.

      **B.      Conclusions of Law**

      3.      In civil cases, there exists a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking

to seal a judicial record or a part thereof bears the burden of demonstrating that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

    4.    This Honorable Court has the power to seal in circumstances where confidential information may be disclosed to the public. Under Fed. R. Civ. P. 26(c)(1)(D), upon motion "[t]he court may, for good cause, issue an order to protect a party or person from life threatening and blackmailing situation or undue burden or expense, including forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

    5.    Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)).

## II.    The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A.    Findings of Fact

    6.    This is a private dispute between private parties.

    7.    The information that Plaintiff seek to seal contains or refers to allegations contained within the pleadings that are confidential and highly sensitive in nature. They include Plaintiff's court-expunged records, medical information, family details, and malicious allegations that are easily discoverable through a public search. Perpetual public disclosure of the information would disseminate highly confidential private information about the Plaintiff and undermine

Plaintiff's right and interest in keeping such information private. As per N.J.S.A. 2C:52-30, public has no right to excess the records and information pertaining thereto have been expunged or sealed."

8. Plaintiff has a legitimate interest in ensuring that the highly sensitive nature of the details and allegations remain private, as perpetual accessibility of these sensitive records should not serve as a vehicle for dark web contract killers, cyber extortionists and blackmailers -- to the private information contained in the record – that poses a serious threat to Plaintiff and his family members life. See *Decl. of Pankaj Sharma.*

    **B. Conclusions of Law**

9. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Palempalli v. Patsalos-Fox*, No. 2:21-cv-12025-KM-CLW, 2023 U.S. Dist. LEXIS 77895 (D.N.J. May 4, 2023) (quoting, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes and/or cause serious injuries to the parties." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Such is the case at bar.

**III. The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted**

    **A. Findings of Fact**

10. Plaintiff has a legitimate interest in ensuring that the highly sensitive nature of the details in the records remain private, as perpetual accessibility of these sensitive records shall have not become a vehicle for dark web contract killers, cyber extortionists and

blackmailers. See *Decl. of Pankaj Sharma.* All the strategic plots against Plaintiff clearly reveal that Plaintiff's life is in real danger. See Exhibit "A." If these records continue to be disclosed, such could cause serious injury to Plaintiff and his family. See *Decl. of Pankaj Sharma.*

11. In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the perpetual public disclosure of this information poses a substantial risk of harm to the Plaintiff's legitimate privacy interests and such publication would harm Plaintiff's trust and relationships with his employers and family members. Moreover, Plaintiff is on medical treatment. Each day that this confidential information remains available poses a threat to Plaintiff's physical well-being. Plaintiff can provide his medical record under seal should the Court require it for review.

12. Perpetual public disclosure of sensitive private information allows for its improper use and place the subject at life threatening risk.

**B. Conclusions of Law**

13. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential information, such as an expunged record, medical information, family details, and malicious allegations, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

14. This Court has sealed documents containing the kind of personal, confidential information at issue. See, e.g. *Jorjani v. New Jersey Inst. of Tech.*, Civ. No. 18-11693, 2022 WL 1811304, at *6 (D.N.J. June 2, 2022) (granting motion to seal as to "confidential and sensitive information" reasoning that public disclosure would likely threaten their privacy interests, expose them to potential embarrassment, and harm their reputation); *In re Paulsboro*

*Derailment Cases*, Civ. No. 12-7586, 2014 WL 4162790, at *16 (D.N.J. Aug. 20, 2014) (finding legitimate private interest in sealing "driver's license numbers and dates of birth"); *Kare Dist., Inc. v. Jam Labels and Cards LLC*, Civ. No. 09-5969, 2011 WL 13238500, at *2 (D.N.J. Dec. 19, 2011) (sealing tax returns and portions of deposition testimony containing sensitive, personal information about the deponent's relationship with an employee, because publication of such information could embarrass parties and non-parties and there was no public interest in that information).

**IV.     Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

    **A.     Findings of Fact**

15.    There is no less restrictive means for shielding this information.

16.    Plaintiff first filed a Motion to Seal in the New Jersey Superior Court because that is where the case was originally filed. The case was illegally removed to federal court by Defendant. See *Decl. of Pankaj Sharma*.

17.    There is thus an argument that this matter should never have been removed to federal court, leading to the conclusion that with this Court having no jurisdiction, the record should be sealed pending the decision of the New Jersey Superior Court, the court of original jurisdiction in this matter.

18.    The New Jersey Superior Court had no objection to sealing the case and per the Superior Court's April 15, 2023 Order, "[t]he motion is denied for lack of jurisdiction because this matter has been removed to Federal court. If the Federal court orders that the file be sealed or that the complaint be redacted or deleted from the file, this Court will comply with the order."

19.    The perpetual disclosure of this information to contract killers, cyber

extortioners, and public poses a life-threatening risk to Plaintiff and his family members and such publication would harm Plaintiff's trust and relationships with his employers and family members and jeopardize his professional career and personal life, and ability to seek medical care without fear that the information he provides would become public. Accordingly, the only way to protect this interest is to seal the record in the instant case. The sealing of the record serves to safeguard Plaintiff's rights and legitimate interests in keeping such information private.

**B.      Conclusions of Law**

20.     Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). As stated *supra*, there are no other less restrictive means.

21.     The sealing of Confidential Documents is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653.

Dated: July 1, 2025                                  Respectfully submitted,

                                                                        s/ Samuel B. Fineman
                                                                        Samuel B. Fineman, Esquire
                                                                        NJ Bar ID: 005381999
                                                                        Semanoff Ormsby Greenberg & Torchia, LLC
                                                                        2617 Huntington Pike,
                                                                        Huntingdon Valley, PA 19006
                                                                        (215) 887-0200
                                                                        Attorney for Plaintiff