# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PANKAJ SHARMA,     :
          :
     *Plaintiff,*   :
          :
  v.        :  Civil Action No. 20-20268
          :
          : **DECLARATION OF PANKAJ**
VIVIAN LIU      : **SHARMA IN SUPPORT OF MOTION TO**
     *Defendant.*  : **SEAL**
          **:**
          : **ORAL ARGUMENT REQUESTED**

I, **PANKAJ SHARMA**, declare as follows:

1. I am the Plaintiff, Sharma. I am fully familiar with the facts and documents set forth herein.

2. I make this Certification in support of the Motion to Seal.

3. On October 27, 2020, the undersigned, by and through counsel, filed a Verified Complaint and Order to Show Cause seeking, among other forms of relief, injunctive relief. The Verified Complaint speaks for itself and therefore is not set forth herein or attached hereto.

4. Based on information and belief the matter was transferred to federal court on or about December 23, 2020. However, the state court documents remain accessible to the public.

5. This renewed Motion is filed in good faith, as new evidence has come to light that was not available when the Court issued its last order.

6. The Confidential Information that I seek to seal contains or refers to allegations contained within the pleadings that are confidential in nature and include court records that were ultimately expunged but are still discoverable through a public search.

7.      Additionally, the pleadings included malicious allegations, medical details, employment and education history, malicious allegations on social media, personal photographs, home address and family details that would become easily searchable to cyber extortioners, contract killers, and the public. The perpetual public disclosure of the confidential information poses a substantial life-threatening risk to me and my family members, and poses irreparable professional and personal harm.

8.      Recently, it was discovered that there are two defamation, extortion, and harassment cases filed against Defendant by her previous attorneys.

9.      It has come to light that Defendant has undertaken nearly identical conduct against two attorneys whom Defendant hired to represent her in the defamation case she brought against me.

10.      One of Defendant's attorneys revealed that he removed himself from the instant case due to overwhelming suspicion that he had unwittingly been used and manipulated by Defendant in a plot to extort me. See Exhibit "A."

11.      Defendant's attorney, Daniel Szalkiewicz, Esq., has filed a complaint against the Defendant alleging Tortious Interference with Contract/Prospective Economic Advantage as well as Cyberprivacy (15 U.S.C. § 8131) and Cybersquatting (15 U.S.C. § 1125). S*ee Szalkiewicz & Associates et al v. Vivian Liu*, 150713/2024, currently pending in New York County. See Exhibits "A" and "C."

12.      Remarkably, in addition to me and attorney Szalkiewicz, Defendant has implicated a third individual, Robert Fantone, Esquire, another attorney hired by Defendant.

13.    Mr. Fantone has also filed a complaint against Defendant alleging Tortious Interference with Contract/Prospective Economic Advantage as well as Cybersquatting (15 U.S.C. § 1125). S*ee Mancilla & Fantone, LLP et al v. Vivian Liu*, 450521/2024) currently pending in New York County. See Exhibit "B."

14.    On information and belief, Defendant has created three known websites anonymously, designed to harass and extort their subjects. See Exhibits "A" and "B."

15.    Mr. Szalkiewicz received an e-mail from DarknetDroid@Proton.me indicating that the sender had been hired by Defendant to build websites about me and her two attorneys for the purpose of cybersquatting and online harassment. See Exhibit "A," Page 38.

16.    On information and belief, Defendant attempted to hire a hitman to kill Szalkiewicz, who, for his part, had used his home address as his office address during the pandemic. He became so afraid based upon this information that he vacated the apartment he owned for his family's safety. An FBI investigation is ongoing.  See Exhibit "A," Page 38.

17.    In addition, Defendant strategized and leveraged with attorney Szalkiewicz as to how to destroy my family life and future. See Exhibit "A," Page 15. The perpetual disclosure of the confidential information to contract killers, cyber attackers, and the public poses a substantial life-threatening risk to me and my family members.

18.    Defendant became obsessed with finding ways to publicly harass and shame me and to secure a favorable settlement as revealed by Defendant's attorney.  See Exhibit "A," Page 13.

19.    The instant matter was transferred to federal court on or about December 23, 2020 due to removal based on diversity.

20.    Mr. Szalkiewicz revealed that the Defendant misled the federal court about her connections to New Jersey, and, in fact, Defendant had a strong New Jersey presence as her home office was in New Jersey and was regularly present in the state. See Exhibit "A," Page 12.

21.    There is thus an argument that this matter should never have been removed to federal court, leading to the conclusion that with this Court having no jurisdiction, the record should be sealed pending the decision of the New Jersey Superior Court, the court of original jurisdiction in this matter.

22.    The New Jersey Superior Court had no objection to sealing the case and per the Superior Court's April 15, 2023 Order, "[t]he motion is denied for lack of jurisdiction because this matter has been removed to federal court. If the federal court orders that the file be sealed or that the complaint be redacted or deleted from the file, this Court will comply with the order."

23.    It should be noted that per N.J.S.A. 2C:52-30, "any person who reveals to another the existence of an arrest, conviction or related legal proceeding with knowledge that the records and information pertaining thereto have been expunged or sealed is a disorderly person." This needs to be corrected as a clear error of law or fact or to prevent manifest injustice.

24.    Professionally, I am well-known in my field, and have a large personal community that encompasses interactions that include my wife and children.

25.    The continued publication of expunged documents and these malicious allegations pose a risk to me personally and professionally.

26.    Additionally, I am in medical treatment and the continued publication of these expunged details present a serious health condition. I can provide medical records and an expert report under seal if required.

27.    There is no statute of limitation on the timeline for sealing court records.

28.     The delay in filing a motion in federal court was due to the fact that I filed originally in the Superior Court and was waiting for that decision. The delay in filing the previous motions was caused due to a medical issue that Plaintiff's attorney was facing.

29.     Given the sensitive nature of the allegations as set forth in this matter, I have an interest in privacy that substantially outweighs a presumption that court and administrative records are open for perpetual public inspection.

30.     This is ultimately a situation where Defendant, who has established a pattern of disseminating false and malicious information about her targets (myself included) online, should not be rewarded with the result of having these court documents in the public sphere when she has unclean hands to make any argument for disclosure.

I declare that the foregoing statements made by me are true to the best of my present information, knowledge, and belief. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.


Dated: July 1, 2025                                                          By: */s/Pankaj Sharma*
                                                                                  Pankaj Sharma